IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY L. DAVIS,**

                **Plaintiff,**

    v.                                       **CASE NO. 06-3132-SAC**

**CAROL J. BACON, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district

---

[1]*See* Davis v. Clark, Case No. 05-3172-SAC (remainder of $250.00 district court filing fee).

court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages from a number of state district court and appellate public defenders involved in plaintiff's 1988 state criminal action and proceedings and appeals therefrom. Plaintiff alleges defendants conspired with various state court judges, prosecutors, and parole board members to violate plaintiff's constitutional rights. Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). *See also* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

To state a cognizable claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). It is recognized that court appointed defense attorneys serve the interest of their client and do not act "under color of state law" within the meaning of §

2

1983. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law). Although state action may be established by sufficient allegations of a conspiracy by a public defender with state actors, Tower v. Glover, 467 U.S. 914 (1984), plaintiff's bare and conclusory allegations in this case of an encompassing conspiracy involving all named public defenders is insufficient to establish that any defendant acted under color of state law. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970); Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

Plaintiff's separate "expatiate" motion (Doc. 3), questioning whether a state district court's finding of no conspiracy has any preclusive effect on plaintiff's litigation of his conspiracy claims in federal court, is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after satisfaction of plaintiff's outstanding fee obligation.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for an order

3

(Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 18th day of May 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge