IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY L. DAVIS,**

                **Plaintiff,**

      **v.**                                      **CASE NO. 06-3132-SAC**

**CAROL J. BACON, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. By an order dated May 18, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. Having reviewed plaintiff's response (Docs. 6 and 7), the court finds the complaint should be dismissed.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added). In the present case, plaintiff seeks damages from various state trial and appellate public defenders involved in plaintiff's 1988 state criminal action and proceedings and appeals therefrom.

As plaintiff recognizes, these defendants are generally not considered as acting under color of state law" for the purpose of stating a claim under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of

state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983)(attorneys engaged in the private practice of law are not acting under color of state law).

Plaintiff maintains, however, that defendants conspired with state officials to deny plaintiff a fair trial. *See* Tower v. Glover, 467 U.S. 914 (1984)(public defenders may be liable under 1983 if a conspiratorial action with state officials is proven). As the court pointed out in the show cause order dated May 18, 2006, however, plaintiff's bare and conclusory allegations of such a conspiracy are insufficient to show that plaintiff's attorneys acted under color of state law for the purpose of establishing liability under § 1983. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970); Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

The court has carefully reviewed plaintiff's response, and remains convinced that plaintiff presents only bare and conclusory allegations of a conspiracy which are wholly insufficient to establish even a prima facie showing that any defendant "acted under color of state law" in this case. The court thus concludes the complaint should be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief); 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 23rd day of June 2006 at Topeka, Kansas.

                                                   s/ Sam A. Crow  
                                                SAM A. CROW  
                                                U.S. Senior District Judge