```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS
```

**ANTHONY L. DAVIS,**

         **Plaintiff,**

    **v.**              **CASE NO. 06-3132-SAC**

**CAROL J. BACON, et al.,**

         **Defendants.**


## O R D E R

  Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, and seeks damages from various state trial and appellate public defenders involved in plaintiff's 1988 state criminal action and proceedings and appeals therefrom. Finding plaintiff's bare and conclusory allegation of a conspiracy between defendants and state officials was insufficient to establish any reasonable or factual basis for finding any defendant had acted under color of state law, the court dismissed the complaint on June 23, 2006, as stating no claim upon which relief can be granted under 42 U.S.C. § 1983. Before the court are plaintiff's timely filed motion to alter or amend that final order and judgment, motion to amend the complaint, and motion requesting leave to file an ex parte motion for summary judgment.

  Grounds warranting the amendment or alteration of a judgment include an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Fed.R.Civ.P. 59(e). Relief is thus appropriate where the court has misapprehended the facts, a party's

position, or the controlling law.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(*citations omitted*).  A Rule 59(e) motion to alter or amend judgment is not appropriate to revisit issues already addressed, or to advance arguments that could have been raised in prior briefing.  Id.

Having reviewed plaintiff's interrelated pleadings, the court finds plaintiff continues to argue that his appointed trial attorney conspired with the trial court and prosecutor to deny plaintiff a fair trial, and again points to a partial transcript regarding the introduction of specific evidence in plaintiff's trial.  The court finds nothing in plaintiff's pleadings to warrant modification of the court's assessment that plaintiff's allegations are insufficient to show that any defendant named in the complaint acted under color of state law for the purpose of stating a claim for relief under 42 U.S.C. § 1983.  Accordingly, plaintiff's motion to alter and amend the judgment entered on June 23, 2006, is denied.  Plaintiff's post-judgment motions for leave to amend the complaint to conform to the evidence, and to file a motion for summary judgment, are likewise denied.

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend judgment (Doc. 10), motion for leave to file an amended complaint (Doc. 13), and motion for leave to file a motion for summary judgment (Doc. 14), are denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of December 2006 at Topeka, Kansas.

                                          s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge